**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **KANONIE NELSON HALL,** ) | **CASE NO. 1:11CV0291** |
| ) | |
| Plaintiff, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **FORBES, FIELD & ASSOCIATES,** *et al.*, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

### Introduction

This matter is before the Court upon plaintiff's *pro se* Complaint (Doc. 1) and Motion to Proceed *In forma Pauperis*. (Doc. 2). For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e).

### Discussion

Plaintiff *pro se* Kanonie Nelson Hall filed this action against defendants, Forbes, Fields & Associates, Cleveland Food Bank, and Mrs. Rashida Abdullah. The Complaint alleges the following. In October 2008, Euclid police beat plaintiff, dragged him out of his home, and illegally evicted him. A neighbor gave plaintiff ten photographs that he took of the incident. Plaintiff showed the photographs to defendants and asked for assistance. Plaintiff submitted copies of the photographs to defendant Abdullah who attempted to return them but was unsuccessful as plaintiff was incarcerated. Another individual, not named as a defendant, was "contacted by visit three seperate [sic] times." Plaintiff requests "that they verify this information on my behalf or aid in my restitution."

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Examination of the Complaint shows that plaintiff fails to state any claim upon which relief may be granted. If the Complaint is attempting to allege a constitutional violation arising out of the alleged actions of the Euclid Police, neither the City of Euclid nor any of its police officers have been named as defendants. There is no indication that the named defendants had anything to do with that incident. Plaintiff seems to be seeking a verification from defendants of the events he outlines in the Complaint, i.e., he received photographs, he submitted copies, and sought assistance. There is no cause of action, however, for what plaintiff seeks. Therefore, the Complaint must be dismissed for failure to state a claim.

**Conclusion**

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 3/8/11  /s/ Patricia A. Gaughan
PATRICIA A.GAUGHAN
UNITED STATES DISTRICT JUDGE